IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| BFMM Company, LLC, a Florida limited liability company, and<br>BRUNO MICELI, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT |

The Plaintiffs, BFMM Company, LLC, a Florida limited liability company (now dissolved), and BRUNO MICELI, an Individual, by and through their undersigned counsel and hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

### FACTUAL BACKGROUND

1. The Plaintiff owned and operated a retail store in Davie, Florida, named BFMM Company, LLC, a Florida Limited Liability Company (now dissolved) (hereinafter referred to as "BFMM"). The store is comprised of a commercial storefront dedicated to retail sales of retail food market, focusing mostly on groceries to the Plaintiffs' customers.

2. Located in Florida's 23rd Congressional District, BFMM serves a community where approximately 10% of households receive Supplemental Nutrition Assistance Program benefits[1] ("SNAP"), formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture

---

[1] See USDA Publication of December 2020, Profile of SNAP Households: Florida Congressional District 23.

("USDA"). Of said households, approximately 33.4% are below the poverty level, 49.1% of said households are with one or more people 60 years of age and over, 46.2% of said households are with child(ren) under the age of 18 years, and 37.1% of said households are with disabled individual(s).

3. Accordingly, BFMM began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele account for an even larger portion of the gross revenue as they conduct significant non-SNAP transactions as well for ineligible items.

4. On December 14, 2017, the USDA, through the FNS, issued a Charge Letter to the Plaintiffs, wherein the Plaintiffs were charged by the Defendant with selling ineligible items and exchanged cash for SNAP benefits at the store which resulted in a permanent disqualification of their SNAP license.

5. The Plaintiffs denied and defended against the Charge Letter, but on November 13, 2020 they were permanently disqualified from SNAP.

6. Accordingly, on November 20, 2020, the Plaintiffs filed for an Administrative Review of the Department's decision to permanently disqualify them, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiffs argued that even if the transactions had occurred, the appropriate sanction would have been the issuance of a Civil Money Penalty in Lieu of Permanent Disqualification, rather than a permanent disqualification.

7. The Administrative Review Division of the USDA responded to the Plaintiffs' appeal in a letter and opinion dated February 18, 2021 and received February 19, 2021. The Plaintiffs' appeal was denied. A copy of the letter and opinion dated February 18, 2021 are attached hereto as **Exhibit "A"**.

8. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to permanently disqualify the Plaintiffs from participating as a SNAP retailer.

## JURISDICTION AND VENUE

9. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business was owned and operated in Davie, Broward County, Florida and because the facts giving rise to the circumstances herein occurred in the Southern District of Florida.

## PARTIES

12. The Plaintiff, BFMM COMPANY, LLC, a limited liability company (now dissolved), operated at 4051 Stirling Road, Davie, Florida 33314. BFMM Company, LLC is referred to herein as "BFMM" and referred to herein collectively with the other Plaintiffs as "Plaintiffs".

13. BRUNO MICELI, an Individual, is a natural person and resident of Florida and was the registered owner of BFMM, and is referred to herein collectively with the other Plaintiffs as "Plaintiffs".

14. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

15. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

16. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

17. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as BFMM.

18. In turn, SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations.

19. Significantly, SNAP violations on the part of retailers typically occur in two areas: (1)

the sale of ineligible items to SNAP participants (using their EBT benefits), and (2) trafficking in SNAP benefits.

20. The term "trafficking" is defined at length by 7 C.F.R. §271.2, which states in pertinent part that trafficking is:

> "(1) The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;

> (2) The exchange of firearms, ammunition, explosives, or controlled substances, as defined in section 802 of title 21, United States Code, for SNAP benefits;

> (3) Purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount;

> (4) Purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or

> (5) Intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food;

> (6) Attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone."

> See 7 C.F.R. §271.2 (2016)

21. Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office, offered any evidence or

allegation that the store's ownership or management was involved in the alleged violations.

22. Instead, the Defendant's allegations involve transactions that allegedly occurred outside of the store's premises, and well outside of the Plaintiffs' control.

23. Nevertheless, the Defendant held the store liable for its employee's alleged actions unrelated to his employment and off the premises of the store.

### COUNT I: REQUEST FOR JUDICIAL REVIEW

24. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

25. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby do, request a *de novo* judicial review of the permanent disqualification issued by the Defendant against the Plaintiffs.

26. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiffs had committed SNAP regulation violations.

27. Furthermore, the Plaintiffs have never been afforded an opportunity to cross examine the investigator, nor have they been permitted the opportunity to review the Administrative Record and respond to the allegations and evidence set forth therein.

28. As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly permanently disqualified the Plaintiff from participation in SNAP.

29. Therefore, the permanent disqualification against the Plaintiffs should be set aside by this Court and the Plaintiffs' status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiffs, BFMM Company, LLC, a Florida limited liability company (now dissolved), and Bruno Miceli, an Individual, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's permanent disqualification of the Plaintiffs, and subsequently enter Judgment against the Defendant for improperly permanently disqualifying the Plaintiffs, as well as awarding the Plaintiffs the attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorney, and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: March 19, 2021                    Respectfully submitted,

**METROPOLITAN LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, ESQ.
Florida Bar No.: 68002
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:  (813) 228-0658
Facsimile:  (813) 330-3129
Email:  Andrew@Metropolitan.Legal
            LaJeana@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**