UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60617-CIV-SINGHAL/VALLE

BFMM COMPANY, LLC, a Florida
Limited Liability Company, and
BRUNO MICELI, an Individual,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendant's ("the Government") Motion for Summary Judgment, filed on February 8, 2022 (the "Motion") (DE [23]). Plaintiffs filed a Response on March 1, 2022 ("Response") (DE [27]). The Government filed a Reply on March 7, 2022 ("Reply") (DE [29]). The Motion is now ripe for this Court's consideration.

**I.    BACKGROUND**

This case involves a challenge to a retailer's disqualification from participation in the Supplemental Nutrition Assistance Program ("SNAP") under the Food and Nutrition Act. Plaintiff was permanently disqualified from SNAP because of having sold ineligible food items and having trafficked SNAP benefits on two separate occasions in 2015 with an undercover investigator for the U.S. Department of Agriculture's Food and Nutrition Service ("FNS"). *See* Motion, at 1–2. FNS charged Plaintiff with these violations via a Charge Letter dated December 14, 2017. *Id.* Subsequently, after not receiving any response to the Charge Letter, FNS permanently disqualified the store from SNAP. *Id.* In the present action, Plaintiff seeks a reversal of the FNS disqualification decision and reinstatement into SNAP, or in the alternative, a civil money penalty ("CMP") in lieu of

permanent disqualification. *Id.*; (DE [1], at 2–3.).

## II. LEGAL STANDARD

### A. SNAP

Pursuant to SNAP regulations, retailers are prohibited from accepting SNAP benefits for ineligible items, which include non-food items, alcohol, and cash. 7 C.F.R. § 271.2. Based upon the type of violation discovered, FNS is authorized to (1) disqualify a retailer from future participation in SNAP or (2) assess a civil money penalty against a retailer. 7 U.S.C. § 2021(a); 7 C.F.R. § 278.6. Either penalty requires "a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, [or] evidence obtained through a transaction report under an electronic benefit transfer system . . . ." 7 C.F.R. § 278.6(a). Exchanging cash for SNAP benefits, known as "trafficking," mandates a permanent disqualification upon the first violation. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i). FNS may impose a CMP in lieu of permanent disqualification only if the store submits substantial evidence that it has established and maintained an effective compliance program to prevent SNAP violations. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(i). Before FNS can impose this alternative penalty, the retailer must show that it (i) requested a CMP and (ii) provided sufficient documentation to support its request (iii) within ten days of receipt of a Charge Letter. 7 C.F.R. § 278.6(b)(2)(ii) and (iii). Otherwise, it is ineligible for a CMP. *Id.*

Under SNAP, upon receiving notice of final agency action, a retailer may seek judicial review in federal or state court, which shall determine *de novo* the validity of the administrative action. 7 U.S.C. § 2023(a)(13), (a)(15); 7 C.F.R. § 279.7. *De novo* review here "does not [] entitle plaintiffs to reach a trial on the merits of their cause of action"

because Congress simply "intended . . . [that] the district court would not be bound by the administrative record." *Bon Supermarket & Deli v. United States*, 87 F. Supp. 2d 593, 598 (E.D. Va. 2000). The retailer bears the burden to prove by a preponderance of evidence that the alleged violations did not occur. *See, e.g.*, *Kim v. United States*, 121 F.3de 1269, 1272 (9th Cir. 1997); *Fells v. United States*, 627 F.3d 1250, 1253 (7th Cir. 2010); *Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991); *Redmond v. United States*, 507 F.2d 1007, 1012 (5th Cir. 1975); *Badruddin v. United States*, 2019 WL 3855322, at *3 (N.D. Ga. July 15, 2019). And in doing so, the retailer may rely on both the factual record before the USDA and other evidence. *See AJS Petroleum, Inc. v. United States*, 2012 WL 683538, at *4 (D. Md. Mar. 1, 2012) (citing *Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997)).

### B.  Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is "genuine" if a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect

the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  The Court is thus not "constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

"[S]ummary judgment is a proper means of disposing of a request for review under 7 U.S.C. § 2023(a)(13), where there are presented no genuine issues of material fact." *Bon Supermarket & Deli*, 87 F. Supp. 2d. at 599 (citing *Modica*, 518 F.2d at 376).  To prevail on a summary judgment motion, the retailer must show that "each of the violations charged" was not trafficking. *Kahin v. United States*, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000) ("Since permanent disqualification is warranted on 'the first occasion' of coupon trafficking, it is Plaintiff's burden to raise material issues of fact as to each of the transactions set forth as suspicious by the FNS."). Moreover, a retailer fails to meet this burden if it cannot "sufficiently account for all the suspicious activity" charged by FNS. *Id.*

While an agency's finding of SNAP regulation violations is subject to *de novo*

review, the sanctions imposed by the agency are subject to arbitrary and capricious review. *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975). An agency action is "arbitrary and capricious where the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Miccosukee Tribe of Indians of Florida v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (cleaned up). And "[w]hether the imposition of a penalty by the FNS [is] arbitrary or capricious is a matter of law appropriately determined on a motion for summary judgment." *Lugo v. United States*, 2009 WL 928136, at *3 (S.D.N.Y. Mar. 30, 2009) (cleaned up).

### III.  DISCUSSION

The Plaintiff bears the burden to prove by a preponderance that the alleged trafficking did not occur. *See, e.g.*, *Kim*, 121 F.3d at 1272. Thus, because "summary judgment is a proper means of disposing of a request for review under 7 U.S.C. § 2023(a)(13), where there are presented no genuine issues of material fact," *Bon Supermarket & Deli*, 87 F. Supp. 2d. at 599, the question properly presented before the Court is *whether there is a genuine issue of material fact that the SNAP trafficking occurred*. If there is no genuine issue of material fact that the SNAP trafficking occurred, the Government is entitled to summary judgment.

The Government asserts that FNS's on-site investigation established SNAP trafficking. *See* Motion, at 7–8. Specifically, according to the Government, an FNS undercover investigator visited Plaintiff's store six times, and on the last two occasions, was able to exchange SNAP for cash. *Id.* The Government explains that this finding was

supported by a detailed report and corroborated by various receipts. *Id.* The Government asserts that Plaintiff has proffered no evidence to contradict the investigative findings in the report or otherwise raise a genuine issue of material fact that the trafficking did in fact occur. *Id.*

In turn, Plaintiff responds largely by attacking the credibility of the investigator and accuracy of the report. *See* Response, at 2–10. Plaintiff contends that the report lacks credibility due to inconsistencies, procedural violations, and the significant delay from the end of the investigation to the completion of the report. *Id.* at 13–15. Second, Plaintiff asserts that the employee who trafficked in SNAP benefits with the undercover agent "went rogue" and was acting in his own self-interest and engaged in the transaction separate and apart from the retailer. *Id.* at 11–13. Third, Plaintiff asserts that material facts are in dispute. *Id.* at 15–16. Finally, Plaintiff contends that the considerable delay between the investigation and Charge Letter has resulted in spoilage of evidence that Plaintiff otherwise would have been able to bring to bear.

It is worth noting that Plaintiff "must offer more than a mere scintilla of evidence for its position; indeed, [it] must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz*, 780 F.3d at 1050. First, the timing delay between the completion of the investigation and completion of the report, while certainly a valid argument, does not create a genuine issue of material fact. As the Government points out, the original copy of the investigative report was dated only eight days after the completion of the investigation. *See* Reply, at 5. The final version of the report was dated much later due to corrections that were made. *Id.* And as the Government added, there is no cited regulation or policy that requires an investigative report to be completed within any specific window of time. *Id.*

Second, Plaintiff's "rogue employee" argument similarly falls short of creating a genuine issue of material fact. Even assuming the employee was in fact acting in a rogue capacity, Plaintiff would only *potentially* be able to obtain a CMP instead of disqualification because FNS is vested with discretion in this determination. And more critically, before exercising this discretion, the retailer must have requested a CMP within ten days of receipt of the Charge Letter—which Plaintiff failed to do. Furthermore, even if Plaintiff had requested a CMP within the ten days, FNS would have assessed whether Plaintiff had an effective compliance program in place in determining whether to issue the CMP alternative. However, Plaintiff has proffered no facts indicating any effective compliance program was in fact in place.

Third, Plaintiff asserts Defendant fails to meet the Summary Judgment standard because material facts remain genuinely disputed. Plaintiff discusses Section Chief Briant's testimony concerning the rogue employee and essentially rehashes the rogue employee argument to support its contention that material facts remain disputed. However, as discussed in the preceding paragraph, Plaintiff's "rogue employee" argument falls short. Even if the Court accepts Plaintiff's premise that the employee was in fact rogue, Plaintiff still failed to submit a CMP request within the required amount of time, and in any case, failed to show the existence of a compliance program that would potentially warrant issuance of a CMP by FNS. And even then, FNS would have the discretion to not issue a CMP.

Fourth, Plaintiff's argument regarding due process and the spoilage of evidence is persuasive, however, it does not raise a genuine issue of material fact. The single case cited by Plaintiff, *Mr. Smoky's BBQ, LLC v. United States*, 2014 WL 24152 (D. AZ. Jan. 2, 2014), dealt with a preliminary injunction request, not a summary judgment motion.

Moreover, in that case, Plaintiff was at risk of losing its business—which no facts indicate is likely here. More importantly, other courts have consistently found that delays, much longer than in the present action, have no bearing on the validity of SNAP violation findings. *See Razzak v. United States*, 2014 WL 582079 (W.D. Tex. Feb. 13, 2014) (disqualification for trafficking upheld even though charge letter was sent over three years after investigation concluded); *Ameira Corp. v. Veneman*, 169 F. Supp. 2d 432 (M.D.N.C. 2001) (denying motion for preliminary injunction staying permanent disqualification despite over two-year delay between charge letter and last transaction). Finally, Courts have consistently found the procedures of the Food Stamp Act satisfy due process. *See, e.g.*, *Kim v. United States*, 121 F.3d 1269 (9th Cir. 1997). Therefore, the Court finds there is no genuine issue of material fact that the SNAP trafficking did in fact occur. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE [23]) is **GRANTED**. **THIS CAUSE** is **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**. A separate final judgment will be filed pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF